UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE HAYES, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:18-cv-01520 |
| WELLS FARGO BANK, N.A., and EQUIFAX INFORMATION SERVICES, LLC. | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

**NOW COMES** MICHELLE HAYES ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendants, Wells Fargo Bank, N.A. ("Wells Fargo") and Equifax Information Services, LLC ("Equifax") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FCRA, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

### PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who once owned the real property located at 3900 N. Pine Grove, Unit 302, Chicago, Illinois ("subject property").

5. Defendant Wells Fargo is a mortgage company and banking institution with its principal place of business located in Sioux Falls, South Dakota. Wells Fargo is engaged in the business of extending mortgage loans to consumers, including consumers in the State of Illinois. Wells Fargo conducts business in the State of Illinois and has a registered agent located in Illinois.

6. Defendant Equifax is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Illinois.

### BANKRUPTCY CASE

7. In 2005, Plaintiff executed a mortgage loan in favor of Wells Fargo ("subject debt" or "subject loan") secured by the subject property.

8. On July 29, 2011, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 11-31240 ("bankruptcy").

9. Schedule D of the bankruptcy petition listed the subject loan, a secured pre-petition debt to Well Fargo, in the amount of $193,520.00 secured by the subject property.

10. Plaintiff's Modified Chapter 13 Plan proposed to treat Wells Fargo's claim as follows:

> "Debtor is surrendering the real property located at 3900 N. Pine Grove, Unit 302, Chicago, Illinois to Wells Fargo Bank and Webster Bank, in full satisfaction of their secured claims."

11. On September 13, 2011, Plaintiff's Modified Chapter 13 Plan was confirmed by the Honorable A. Benjamin Goldgar.

12. Wells Fargo participated in Plaintiff's bankruptcy case by filing its appearance and filing a substantive motion.

13. Plaintiff fully performed her duties and made all payments as set forth in her confirmed Chapter 13 Plan.

14. On August 7, 2012, the Bankruptcy Court entered an Order of Discharge in Plaintiff's case of all dischargeable debts, including the subject loan.

15. Pursuant to 11 U.S.C. §524 and §1328, Plaintiff's personal liability on the subject loan was extinguished, thus terminating the business relationship with Wells Fargo.

16. Wells Fargo was served with the Discharge Order entered in Plaintiff's bankruptcy case.

**INACCURATE CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTES TO EQUIFAX**

17. In late 2017, over five years after her bankruptcy discharge, Plaintiff discovered that Wells Fargo was reporting the subject loan to the credit reporting agencies as having a balance of $193,520, a past due amount of $15,508, and as 120+ days past due.

18. Plaintiff made this discovery after constantly being denied credit despite her lucrative employment and good credit history after her bankruptcy discharge.

    a. **Plaintiff's Dispute Letter to Equifax**

19. On January 3, 2018, Plaintiff sent a dispute letter to Equifax requesting that Equifax correct the reporting of the subject loan to reflect that she is longer liable on the subject loan. Plaintiff attached her bankruptcy Discharge Order to her dispute letter.

20. Plaintiff sent her dispute letter to Equifax via certified mail, return-receipt requested.

21. Upon information and belief, Wells Fargo received notice of Plaintiff's dispute letter and supporting documents (e.g. Discharge Order) from Equifax within five days of Equifax receiving Plaintiff's dispute letter. *See* 15 U.S.C. §1681i(a)(2).

**b. Equifax's Failure to Correct Inaccurate Information in Plaintiff's Credit File**

22. On January 29, 2018, Equifax responded to Plaintiff's dispute letter.

23. Equifax's response acknowledged that Plaintiff received a bankruptcy discharge and stated that Wells Fargo has verified the disputed information.

24. Despite Plaintiff's dispute letter and supporting documentation, the subject loan was still reporting in a manner that is inconsistent with Plaintiff's bankruptcy discharge.

25. Specifically, Equifax and Wells Fargo continued to report the subject loan with a "Balance Amount" of $193,520, an "Amount Past Due" of $15,508, a "Scheduled Payment Amount" of $1,193, and "Over 120 Days Past Due."

26. Moreover, Equifax and Wells Fargo failed to report the subject loan as discharged in bankruptcy.

27. The reporting of the subject loan is patently inaccurate, incomplete, and creates a materially misleading impression that Plaintiff is delinquent and still personally liable on the subject loan. However, Plaintiff is no longer personally liable on the subject loan by virtue of her bankruptcy discharge in 2012.

## IMPACT OF
## INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILES

28. As of today, Defendants' erroneous reporting of the subject loan continues to paint a false and damaging image of Plaintiff. The Defendants have yet to update the reporting of the subject loan to accurately reflect the discharged status of the subject loan.

29. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, credit capacity, and her ability to move forward after his bankruptcy discharge.

30. As a result of Defendants' actions and inactions, Plaintiff's bankruptcy discharge and fresh start has been frustrated for over 5 years.

31. Moreover, the inaccurate and incomplete reporting of subject loan continues to have significant adverse effects on Plaintiff's credit rating and her ability to obtain financing because it creates a false impression that Plaintiff is in default on the subject loan and is still obligated to pay on the subject loan, rendering Plaintiff a high risk consumer and damaging her creditworthiness.

32. Plaintiff has been denied credit no less than four times as a direct result of the erroneous reporting of the subject loan.

33. As a result of the conduct, actions, and inactions of the Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit opportunity, time and energy expended conferring with her attorneys to enforce compliance with the Fair Credit Reporting Act, tracking the status of her disputes, monitoring her credit file, out of pocket expenses retrieving her credit reports from the credit reporting agencies, and mental and emotional pain and suffering.

34. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to resolve the erroneous credit reporting of the subject loan.

<u>COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT</u><br>(AGAINST WELLS FARGO)

35. Plaintiff restates and reallages paragraphs 1 through 34 as fully set forth herein.

36. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

37. Plaintiff is a "person" as defined by 15 U.S.C. §1681a(b).

38. Wells Fargo is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

39. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

40. Wells Fargo violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving a request for an investigation from Equifax and Plaintiff.

41. Wells Fargo violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, namely Plaintiff's discharge order, provided by Equifax and Plaintiff.

42. Had Wells Fargo reviewed the information provided by Equifax and Plaintiff, it would have corrected the inaccurate reporting of the subject loan, and transmitted the correct information to Equifax. Instead, Wells Fargo wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

43. Wells Fargo violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the complete results of the investigation or reinvestigation of Plaintiff's dispute to Equifax.

44. Wells Fargo violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax after being put on notice and discovering inaccurate, incomplete, and misleading information with respect to the subject loan.

45. Wells Fargo violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information from appearing and reappearing in Plaintiff's credit files.

46. Wells Fargo failed to conduct a reasonable investigation of its reporting of the subject loan, record that the information was disputed, or delete the inaccurate information from Plaintiff's credit files within 30 days of receiving notice of Plaintiff's dispute from Equifax.

47. Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's efforts to correct the errors, Wells Fargo did not correct the errors or the trade line to report accurately and completely. Instead, Wells Fargo wrongfully furnished and re-reported the inaccurate, incomplete and misleading information after Plaintiff's dispute to one or more third parties.

48. Moreover, Wells Fargo failed to report the subject loan as discharged in bankruptcy.

49. A reasonable investigation by Wells Fargo would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's credit files.

50. Had Wells Fargo taken steps to investigate Plaintiff's valid dispute or Equifax's request for investigation, it would have permanently corrected the erroneous, incomplete, and materially misleading information regarding the subject loan. Plaintiff provided all relevant information to support her valid dispute in her request for investigation. Furthermore, Plaintiff's bankruptcy information is public record that is widely available and easily accessible.

51. By deviating from the standards established by the mortgage servicing industry and the FCRA, Wells Fargo acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

**WHEREFORE,** Plaintiff MICHELLE HAYES respectfully prays this Honorable Court for the following relief:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
   c. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;
   d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

    e. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

    f. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EQUIFAX)

52. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

53. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

54. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

55. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

56. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

57. Plaintiff provided Equifax with all relevant information and documentation in her request for investigation and reinvestigation to reflect that she obtained a discharge and is no longer liable for the subject loan.

58. Upon information and belief, Equifax prepared Plaintiff's consumer reports containing inaccurate, incomplete, and materially misleading information by reporting the subject loan with a balance greater than $0, a past due amount greater than $0, and a scheduled payment amount greater than $0, when in fact Plaintiff had received a bankruptcy discharge, owed a $0 balance on the subject loan, was not past due, and that the subject loan was no longer legally collectible.

59. A simple review of the relevant documents submitted by Plaintiff would have confirmed that Plaintiff received a bankruptcy discharge and was no longer liable on the subject loan.

60. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. On numerous occasions, Equifax prepared a patently false, incomplete, and a materially misleading consumer report concerning Plaintiff. Equifax had actual knowledge of Plaintiff's bankruptcy discharge after it received Plaintiff's detailed dispute letter outlining Plaintiff's discharge.

61. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit file.

62. Had Equifax taken any steps to investigate Plaintiff's valid dispute, it would have determined that subject loan was discharged in Plaintiff's bankruptcy in 2012.

63. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Wells Fargo. Upon information and belief, Equifax failed to include all relevant information as part of the notice to Wells Fargo regarding Plaintiff's dispute that Equifax received from Plaintiff.

64. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and Wells Fargo with regard to the subject loan.

65. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's dispute.

66. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Wells Fargo that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

67. Since most of Plaintiff's other accounts were reported as "$0 balance owed," "included in bankruptcy," or "discharged," Equifax should have investigated why the Wells Fargo trade line was reporting anything other than a $0 past due amount and a $0 balance amount.

68. Moreover, after Plaintiff's written dispute, Equifax had specific information related to Plaintiff's bankruptcy case, and subsequent discharge, which included the subject loan.

69. Equifax knew that the inaccurate designation of the subject loan on Plaintiff's consumer reports under the Wells Fargo trade line as delinquent, in default, and with a high balance owed after her bankruptcy discharge would have a significant adverse effect on Plaintiff's credit worthiness and ability to receive a "fresh start" after completing her bankruptcy.

70. Despite actual knowledge that Plaintiff's credit file contained erroneous information, Equifax readily furnished Plaintiff's inaccurate, incomplete, and misleading report to one or more third parties, thereby misrepresenting facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

71. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

72. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with reckless disregard for its duties to report accurate and complete consumer credit information.

73. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

74. Equifax's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's consumer file and reporting Plaintiff's credit information.

75. Equifax's pattern of refusal to correct patently false information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff.

76. As stated above, Plaintiff was significantly harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff MICHELLE HAYES respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
c. Award Plaintiff statutory damages of $1,000.00 for each of the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
e. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n(3) and 15 U.S.C. §1681o(2); and
f. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**                    Respectfully Submitted,

/s/ Mohammed O. Badwan

Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S. Highland Ave., Ste. 200
Lombard, Illinois 60148
Phone: (630) 575-8180
mbadwan@sulaimanlaw.com